[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

No. 08-15862
Non-Argument Calendar
_____

Agency No. A097-661-323

BASHKIM BEQIRI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 8, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Bashkim Beqiri, an ethnic Albanian and citizen of Macedonia, seeks review

of the Board of Immigration Appeals's ("BIA") decision adopting and affirming

the Immigration Judge's ("IJ") order denying his application for asylum,

withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment ("CAT"). On appeal, Beqiri argues that the IJ erred in denying his application for relief because: (1) substantial evidence did not support the IJ's adverse credibility finding; (2) Beqiri established a well-founded fear of future persecution based on his status as an ethnic Albanian; and (3) the IJ improperly failed to recognize Beqiri's legitimate CAT relief claim. After careful review, we deny the petition.

We review the BIA's decision, except to the extent that it expressly adopts the opinion of the IJ. Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006). To the extent that the BIA adopts the IJ's reasoning, we review the IJ's reasoning as well. Id. Where, as here, the BIA expressly adopts and affirms the IJ's decision, and makes a few additions, we review the IJ's decision as supplemented by the BIA. Id.

We review de novo the IJ's legal determinations. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). The IJ's factual determinations are reviewed under the substantial evidence test, and we must affirm the IJ's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotations omitted). Under the substantial evidence test, the record is reviewed in the light most favorable to the IJ's decision and we will draw all

2

reasonable inferences in favor of that decision. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1230 (11th Cir. 2007). We cannot engage in fact-finding, consider evidence not presented to the IJ, or re-weigh the evidence that was before the IJ. Al Najjar, 257 F.3d at 1278. "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). In addition, we review the IJ's credibility determinations under the substantial evidence test. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). The IJ must make an explicit credibility determination, which will be viewed as conclusive unless a reasonable factfinder would be compelled to conclude to the contrary. Yang, 418 F.3d at 1201.

First, we do not agree with Beqiri that the IJ's adverse credibility finding was not supported by substantial evidence. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the . . . credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (quotations omitted). "An IJ's denial of asylum relief . . . can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). Still, if the applicant provides corroborating evidence, the IJ must consider

3

that evidence, and not rely solely on the adverse credibility finding in denying relief.  See Forgue, 401 F.3d at 1287.

An adverse credibility finding may be based on inconsistencies between an alien's application, testimony, and documentary evidence.  D-Muhumed, 388 F.3d at 819.  In addition, an applicant's failure to mention relevant facts prior to his asylum hearing, such as his omission of those facts from his application, may support an adverse credibility finding.  See Forgue, 401 F.3d at 1287.  An applicant's provision of "tenable" explanations for aspects of his claim that the IJ found incredible does not compel the reversal of the IJ's credibility finding, especially in the absence of corroborating evidence.  See Chen, 463 F.3d at 1233.

As the record here shows, the IJ cited several specific inconsistencies and omissions in the record involving an alleged protest that Beqiri attended in Macedonia, a police detention and beating that allegedly followed, and a subsequent visit to his home by police -- all events that were central to his application.  Beqiri also failed to mention any past persecution or fear of future persecution at his initial airport interview upon entering the United States, and he offered different accounts of his level of education.  Thus, the record does not compel reversal of the adverse credibility finding.[1]

---

[1] Because Beqiri filed his asylum application prior to May 11, 2005, the statutory amendments made by the REAL ID Act of 2005 ("REAL ID Act") regarding adverse credibility determinations do not apply to this case.  See 8 U.S.C. § 1158(b)(1)(B)(iii) (as amended by the

We likewise are unpersuaded by Beqiri's claim that he established a well-founded fear of future persecution. An alien may establish eligibility for asylum by demonstrating: (1) past persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion"; or (2) a "well-founded fear" that one of these statutorily listed factors will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Al Najjar, 257 F.3d at 1287 (quotations omitted) (emphasis in original). The burden is on the alien to establish asylum eligibility. Id. at 1284. Although the IJ is required to consider all of the evidence submitted by the applicant, she is not required to discuss every piece of evidence presented before her. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006).

"In determining whether an alien has suffered past persecution, the IJ must consider the cumulative effects of the incidents." Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861 (11th Cir. 2007). Although the Immigration and Nationality Act

REAL ID Act § 101(a)(3)). On a related point, we decline to consider the question, not yet addressed by this Court in a published opinion, whether inconsistencies supporting an adverse credibility finding must go to the "heart of the claim" in a pre-Real ID Act case because the inconsistencies at issue in the instant case directly related to Beqiri's persecution claim.

5

("INA") and regulations do not define "persecution," we have indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and brackets omitted). In general, minor physical abuse and brief detentions do not amount to persecution. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (holding that alien who was detained for 36 hours and beaten by police, resulting in multiple scratches and bruises according to medical records, did not suffer persecution).

An applicant who establishes past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). However, without regard to past persecution, an applicant may establish a "well-founded fear" of future persecution by demonstrating that her fear of future persecution is "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289; see also 8 C.F.R. § 208.13(b)(2). The subjective component of the well-founded fear determination relates to the credibility of the applicant, whereas the objective component assesses the probability of future persecution. See Al Najjar, 257 F.3d at 1289.

In order to establish his eligibility for withholding of removal under CAT, an applicant must show that it is more likely than not that he would be tortured if

6

returned to the proposed country of removal. <u>Reyes-Sanchez v. U.S. Att'y Gen.</u>, 369 F.3d 1239, 1242 (11th Cir. 2004). CAT relief depends only on objective evidence that torture is more likely than not, <u>see</u> <u>Cadet v. Bulger</u>, 377 F.3d 1173, 1180 (11th Cir. 2004), and that standard is higher than the standard for asylum, <u>see</u> <u>Zheng v. U.S. Att'y Gen.</u>, 451 F.3d 1287, 1292 (11th Cir. 2006). The CAT defines torture as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

<u>See</u> 8 C.F.R. § 208.18(a)(1). Similarly, because the standard for establishing eligibility for asylum is less stringent than the standard for withholding of removal, an alien's withholding of removal claim also must fail if his asylum claim fails on the merits. <u>See</u> <u>Zheng</u>, 451 F.3d at 1292.

On the record here, substantial evidence supported the IJ's denial of Beqiri's application for asylum, withholding of removal, and CAT relief. As an initial matter, the record shows that in denying Beqiri's application, the IJ considered <u>all</u> of the evidence presented by him and properly recognized his CAT relief claim. The IJ noted that she considered all of the evidence and she specifically referenced

7

much of this evidence, such as the expert testimony and report, the Country Reports, and the letters from Beqiri's sister and a fellow protestor. The IJ was not required to specifically discuss all of the evidence, Tan, 446 F.3d at 1376, and any claim concerning the IJ's weighing of the evidence is outside the scope of our review. See Al Najjar, 257 F.3d at 1278.

Next, to the extent that Beqiri has preserved a past persecution claim, it is foreclosed by the adverse credibility finding, the lack of specific corroborating evidence, and the lack of any credible claim of problems in Macedonia that rose to the extreme level of persecution. See Chen, 463 F.3d at 1231. The only specific piece of evidence corroborating Beqiri's story of persecution by the police was a letter from a fellow protestor, but that letter did not mention the purpose of the protest, stated that the protest occurred on a different date than Beqiri claimed, and did not indicate that the police still were looking for him. As a result, the adverse credibility finding, the letter and the general background evidence do not compel the conclusion that past persecution occurred.[2]

---

[2] Beqiri also made vague claims of persecution regarding health care, employment, and education. Although evidence showed that ethnic Albanians are disadvantaged in these areas, there was no indication that these disadvantage rose to the "extreme" level of persecution. See Sepulveda, 401 F.3d at 1231. Moreover, aside from being forced to pay for private health care because his girlfriend did not have insurance, Beqiri could not recount any specific problems his girlfriend had obtaining health care. Also, evidence showed that Beqiri had worked odd jobs setting tile, and he did not mention any specific incident where he was denied employment based on his ethnicity. Finally, evidence showed that Beqiri attended high school and technical school and he did not recount any specific educational opportunities that he sought that were denied to him based on his ethnicity. Thus, evidence does not compel the conclusion that the problems Beqiri faced in the areas

In addition, Beqiri's claim of a subjective fear of future persecution was undermined by the adverse credibility finding, and outside evidence did not compel the conclusion that a fear of future persecution or torture was objectively reasonable. Although an expert testified that Beqiri might be detained and questioned upon his return to Macedonia, and there was a possibility of harm by the police, that conclusion was based, in part, on the assumption that Beqiri had previously been detained by the police, which the IJ found not credible. Furthermore, as the IJ noted, the mere detention and questioning of Beqiri upon returning to Macedonia would not rise to the level of persecution. See Djonda, 514 F.3d at 1174. Because the evidence does not compel the conclusion that Beqiri suffered past persecution or had a well-founded fear of future persecution, the IJ did not err in finding him ineligible for asylum. Accordingly, IJ's denial of his withholding of removal claim also was proper. See Zheng, 451 F.3d at 1292.

Finally, the IJ did not err in rejecting Beqiri's CAT relief claim. That claim, along with his fear of future persecution claim, rested upon the assumption that the police would torture him when he returned to Macedonia. However, as discussed above, the evidence did not compel the conclusion that his fear of torture was reasonable, much less than such torture was more likely than not to occur. See id.

---

of health care, employment, and education, on account of his ethnicity, rose to the level of persecution.

9

Therefore, the IJ properly denied Beqiri's asylum, withholding of removal, and CAT relief claims, and we deny his petition for review.

**DENIED.**